UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO CUMMINGS, | 1: 07 CV 01612 AWI  WMW HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | [Doc. 9] |
| JOHN DUVEY, | |
| Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254.   The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.  Pending before the court is Respondent's motion to dismiss.

**BACKGROUND**

Petitioner contests a disciplinary action of May 14, 2007, in which he was found guilty of introducing controlled substances into prison for distribution.  Petitioner alleges that he was denied the right to call witnesses at his hearing, and that the decision itself was falsified in stating that

Petitioner was afforded witnesses at the hearing. Petitioner further alleges that he incurred a credit loss of 360 days.

Petitioner filed a petition for writ of habeas corpus in Kern County Superior Court, challenging the same disciplinary action challenged in the present petition. The court denied the petition on December 17, 2007, stating in part as follows:

> The court notes that petitioner must provide documentation with this petition so the court can determine whether or not there is a viable case for review. Apart from his petition, there is no documentation regarding the rules violation report, the hearing decision, or anything else relevant to this rules violation. Therefore, petitioner [sic] allegation of due process violations and insufficient evidence to support the imposition of prison discipline are conclusory. People v. Duvall (1995), 9 Cal.4th 464, 474, People v. Karis (1988) 46 Cal.3d 612, 656. Despite petitioner's assertions to the contrary, petitioner provides no documentation to show he exhausted his administrative remedies. Lack of exhaustion of administrative remedies is a further ground to deny this petition. In re Dexter (1979), 25 Cal.3d 921, 925.
> On the basis of the foregoing, the petition for writ of habeas corpus is accordingly denied.

Petitioner filed a petition for writ of habeas corpus with the California Court of Appeal, which the court denied on October 25, 2007. In denying Petitioner's petition, the Court of Appeal held as follows:

> The "Petition For Writ Of Habeas Corpus," filed in this court on October 23, 2007, is denied without prejudice. Petitioner has failed to exhaust his remedy of filing first in the superior court. (*In re Hillery* (1962) 202 Cal.App.2d 293, 294.) Petitioner has also failed to provide any supporting documentation, including the exhibits referred to in the petition. (*People v. Duvall* (1995) 9 Cal.4th 464, 474.)

Petitioner filed a petition for writ of habeas corpus in the Supreme Court of California, which the court denied on November 14, 2007. The Supreme Court held:

> The petition for writ of habeas corpus is denied. (See *In re Dexter* (1979) 25 Cal.3d 921; *In re Swain* (1949) 34 Cal.2d 300, 304; *People v. Duvall* (1995) 9 Cal.4th 464, 474.)

**LEGAL STANDARDS**

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the disciplinary hearing challenged arises out of the

Corcoran State Prison, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are

constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

**DISCUSSION**

Respondent moves to dismiss this petition on the ground that Petitioner is procedurally barred because he failed to exhaust his state remedies. Petitioner has not opposed or otherwise responded to Respondent's motion to dismiss.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).

1  Under the AEDPA, exhaustion can be waived by Respondent. 28 U.S.C. § 2254(b)(C). The
2  Court can also excuse exhaustion if "(I) there is an absence of available State corrective process; or
3  (ii) circumstances exist that render such a process ineffective to protect the rights of the applicant."
4  28 U.S.C. § 2254(b)(1)(B).  In this case, Respondent has not waived exhaustion.  In addition,
5  California provides avenues for Petitioner to pursue state claims.   For example, these claims could
6  have been presented in a Petition for Writ of Habeas Corpus. See, Cal. Penal Code §§ 1473 - 1475.
7  Finally, there are not sufficient circumstances in this case for the Court to ignore the United States
8  Supreme Court's admonishment that comity demands exhaustion and find that California's
9  corrective processes are ineffective to protect Petitioner's rights.
10  In this case, the California Supreme Court denied Petitioner's petition for writ of habeas
11  corpus with citations to Dexter, Swain, and Duvall.  Dexter stands for the proposition that, "[a]s a
12  general rule, a litigant will not be afforded judicial relief unless he has exhausted available
13  administrative remedies." 25 Cal.3d 921, 925.  The denial of a habeas petition with a citation to In
14  re Swain, 35 Cal.2d 300, 203 (1949) indicates that the claims were not alleged with sufficient
15  particularity.  Because this is a denial on procedural grounds which can be cured, state remedies are
16  not exhausted.  Harris v. Superior Court, 500 F.2d 1128 (9th Cir. 1974)(en banc).  However, the
17  citation to Swain does not establish per se a failure to exhaust.  When faced with a Swain cite, the
18  federal court must independently examine the California Supreme Court petition to determine
19  whether the claims are "fairly presented."  Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986).
20  Finally, a citation to Duvall at 9 Cal.4th, 464, 474 is a reference to a discussion of the pleading
21  requirements for state habeas corpus.
22  In this case, it is established by the express language of the decisions of the Kern County
23  Superior Court, the Court of Appeal, and the California Supreme Court  that Petitioner's petition did
24  not include supporting  documentation in the form of the rules violation report, or the hearing
25  decision. Accordingly, this court must conclude that Petitioner's claims were not "fairly presented"
26  to the California Supreme Court  As argued by Respondent, there is no indication from the
27  California Supreme Court that the claims could not be renewed in another petition.  See Johnson v.
28  Lewis, 929 F.2d 460, 463-64 (9th Cir. 1991)(where it is unclear whether state supreme court would

entertain new petition, claim is unexhausted and federal petition should be dismissed without prejudice).  The court finds, therefore, that Petitioner has not exhausted his state judicial remedies.

Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:

1)     that Respondent's motion to dismiss be GRANTED;

2)     that this petition for writ of habeas corpus be DISMISSED for failure to exhaust state judicial remedies without prejudice to Petitioner's right to refile his petition after exhausting his state judicial remedies, and

3)     that the Clerk of the Court be directed to enter judgment for Respondent and to close this case.

The Petition for Writ of Habeas Corpus currently before this Court contains both exhausted and unexhausted claims.  As such, the Petition must be dismissed. See, Rose, 455 U.S. at 521-22, 102 S.Ct. at 1205; Gordon, 107 F.3d at 760; Guizar 843 F.2d at 372.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The court will

1  then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are
2  advised that failure to file objections within the specified time may waive the right to appeal the
3  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4  IT IS SO ORDERED.
5  Dated:   **November 6, 2008**            /s/  **William M. Wunderlich**
                                            UNITED STATES MAGISTRATE JUDGE